UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA J. MCFADDEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. 2:23-cv-01091-AC<br><br><br><br>ORDER |

This action is proceeding before the Magistrate Judge for all purposes pursuant to the parties' consent. ECF No. 8. Defendant removed this case from state court on June 6, 2023. ECF No. 1. Plaintiff now moves to remand, arguing that the removal was procedurally defective because it was untimely. ECF No. 9. Defendant opposes the motion. ECF No. 11. For the reasons set forth below the court DENIES plaintiff's motion.

**I.    Relevant Background**

This case was initially filed on April 4, 2023, in the Superior Court of California for the County of Sacramento, and was served on defendant on April 7, 2023. ECF No. 1-1 at 2. The complaint alleges that plaintiff purchases a 2021 Nissan Kicks new vehicle with a 3-year/36,000-mile express bumper to bumper warranty and a 5-year/60,000-mile limited powertrain warranty covering the engine and the transmission, as well as various emission warranties. ECF No. 1-2 at

3-4. Plaintiff brought claims against defendant for (1) Violation of the Song-Beverly Act for Breach of Express Warranty; (2) Violation of the Song-Beverly Act for Breach of Implied Warranty; (3) Violation of the Song-Beverly Act Section 1793.2(b); and (4) Fraud, Fraudulent Inducement, and Concealment. ECF No. 1-2 at 22-29. Plaintiff's prayer for relief did not name a specific dollar amount, but sought "general, special, and actual damages" to be proved at trial, recission of the purchase contract and restitution of all monies expended, diminution in value, incidental and consequential damages, civil penalty in the amount of two times plaintiff's actual damages, putative damages, prejudgment interest, and attorneys' fees and costs. Id. at 30.

Defendant filed a notice of removal and removed this case on June 6, 2023. ECF No. 1. In the notice of removal it addressed the issue of procedural timeliness. Defendant noted that "[g]enerally, a notice of removal shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading," citing 28 U.S.C. § 1446(b). ECF No. 1 at 2. It argued its removal was timely, however, because the initial complaint did not contain an amount in controversy and "Nissan filed this Notice of Removal on June 7, 2023, within '30 days after receipt by the defendant, through service or otherwise, of a … paper from which it may first be ascertained that the case is one which is or has become removable." See 28 U.S.C. § 1446(b)(3); see also Salas Decl., ¶ 7. . . . Nissan obtained the Retail Installment Sales Contract, the sales agreement concerning the subject vehicle, on May 8, 2023. Salas Decl., ¶ 7. The vehicle sales contract demonstrated that the amount in controversy meets, if not exceeds, the amount-in-controversy threshold under 28 U.S.C. § 1332(a). Id. at ¶¶ 14–18.

The parties do not dispute the amount in controversy or the fact that the parties are diverse. ECF No. 9 at 3. The only dispute is whether removal was procedurally untimely because defendant could have and should have determined upon being served with the complaint that the amount in controversy met the threshold for removal. ECF No. 9 at 3.

## II.     Legal Standard

"Federal courts are of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A defendant may remove any civil action from state court when the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). A federal court has original

jurisdiction in cases in which the amount in controversy "exceeds the sum value of $75,000, exclusive of interest and costs," and in which the parties are diverse. 28 U.S.C. § 1332(a). The statute governing removal of civil actions, 28 U.S.C. § 1441, "is strictly construed, and any doubt about the right of removal requires resolution in favor of remand. The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir.2009)(internal citations omitted).

The procedures governing removal of civil actions are located at 28 U.S.C. 1446. That statute provides two 30-day periods for removal: (1) 30 days running from when the defendant receives a copy of the initial pleading, 28 U.S.C. § 1446(b)(1), or (2) "if the case stated by the initial pleading is not removable," 30 days running from the time the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable. 28 U.S.C. § 1446(b)(3). "In Harris v. Bankers Life & Casualty Co., the Ninth Circuit addressed when the thirty-day removal clock was triggered in situations where 'it is unclear from the complaint whether the case is removable.'" Sweet v. United Parcel Serv., Inc., 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009) (quoting Harris v. Bankers Life & Cas. Co., 425 F.3d 689 (9th Cir. 2005)). There, the court "considered and rejected the proposition that a defendant has a duty to investigate—in its own records or otherwise—a basis for removal when the pleading does not disclose one on its face." Id. "It also rejected the suggestion that the defendant's subjective knowledge or a 'clue' in the complaint might trigger the thirty-day clock." Id. The Ninth Circuit unequivocally confirmed that "notice of removability under § 1446(b) is determined through the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694.

### III. Analysis

Plaintiff's motion for remand argues that defendant's removal was untimely because, though plaintiff did not allege an amount in controversy in the complaint, defendant knew or should have known that the amount in controversy exceeded the removable threshold based on the causes of action identified, the fact that plaintiff checked a box stating it was invoking the

1  state court's "unlimited jurisdiction" for an action exceeding the value of $25,000, and because
2  defendant is sophisticated "in the market valuation of the vehicles it manufactures and sells."
3  ECF No. 9 at 9.  This theory has been considered by numerous district courts in this circuit and
4  has been consistently rejected.  See, e.g., Imery v. Nissan N. Am., Inc., No. 8:21-cv-02029-JLS-
5  DFM, 2022 WL 1639591, at *2 (C.D. Cal. May 24, 2022); Longoria v. Ford Motor Co., No.
6  2:22-cv-07560-JLS-PVC, 2022 WL 16961482, at *2 (C.D. Cal. Nov. 16, 2022);  Martinez v. Ford
7  Motor Co., No. 2:23-cv-02788-JLS-AGR, 2023 WL 3775174, at *2 (C.D. Cal. June 2, 2023);
8  Cuevas v. Ford Motor Co., No. CV 22-1520-DMG (MAAx), 2022 WL 1487178, at *3 (C.D. Cal.
9  May 11, 2022); Holdings v. Ford Motor Co., No. 5:21-cv-02172-SVW-SHK, 2022 WL 2235815,
10 at *2 (C.D. Cal. Feb. 22, 2022); Tirado-Lizarraga v. Ford Motor Co., No. 23-CV-01411-RS, 2023
11 WL 3868377, at *3 (N.D. Cal. June 6, 2023); Moran v. Ford Motor Co., No. 23CV845 JM
12 (BLM), 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023); Hayer v. Mercedes-Benz USA, LLC,
13 No. 220CV01964MCEJDP, 2021 WL 809388, at *3 (E.D. Cal. Mar. 3, 2021).
14      The undersigned agrees with the many other courts that have held that "while Defendant
15 could have made a plausible guess that the amount in controversy in this case exceeded $75,000,
16 Defendant was "under no obligation to do so."  Moran v. Ford Motor Co., No. 23-cv-845 JM
17 (BLM), 2023 WL 4532755, at *3 (S.D. Cal. July 13, 2023).  It is undisputed that defendant's
18 notice of removal was filed within 30 days of its receipt of an "other paper" (the vehicle sales
19 contract) from which it could be "ascertained from the face of the document that removal is
20 proper."  See, Harris, 425 F.3d at 694 (citing 28 U.S.C. § 1446(b)); see also Salas Decl. ¶¶ 7-8
21 (Dkt. No. 1-1).  Accordingly, the court concludes that the removal was proper.
22                    **IV.    Conclusion**
23      For the foregoing reasons, the motion to remand (ECF No. 9) is DENEID.
24      IT IS SO ORDERED.
25 DATED: July 28, 2023

                                                _____
                                                ALLISON CLAIRE
                                                UNITED STATES MAGISTRATE JUDGE